1 STEVEN PARK (State Bar No. 215219)
2 spark@kslaw.com
KING & SPALDING LLP
3 333 S. Grand Avenue, Suite 4200
4 Los Angeles, CA  90071
Telephone:  (213) 443-4355
5 Facsimile:  (213) 443-4310

6
*see signature page for complete list of counsel.*
7

8 *Attorneys for Defendant*
STATE FARM MUTUAL
9 AUTOMOBILE INSURANCE COMPANY

10

11 **IN THE UNITED STATES DISTRICT COURT**

12 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13 **SOUTHERN DIVISION**

14

| | |
|---|---|
| NETWORK SIGNATURES, INC., a California corporation, | Case No.: SACV 11-00982-JVS (RNBx) |
| Plaintiff, | **[PROPOSED] ORDER RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | Date:  May 14, 2012 Time:  1:30 p.m. Ctrm:  10-A Judge:  Honorable James V. Selna |
| Defendant. | Date Action Filed:  June 30, 2011 |

NOTICE OF MOTION FOR
SUMMARY JUDGMENT

CASE NO. SACV 11-00982- JVS

1  STATE FARM MUTUAL
   AUTOMOBILE INSURANCE
2  COMPANY,

3
            Counter-Claimant,
4          v.
5  NETWORK SIGNATURES, INC., a
   California corporation,
6
            Counter-Defendant.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED]ORDER

CASE NO. SACV 11-00982-JVS

On May 14, 2012, at 1:30 p.m. in Courtroom 10-A of the above-entitled Court, Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Summary Judgment (Unenforceability) came on for hearing before this Court. The parties appeared through their counsel of record.

After considering the moving and opposing papers, arguments of counsel and all other matters presented to the Court, IT IS HEREBY ORDERED THAT the motion is GRANTED.

FINDINGS OF FACT:

1.      The 7½ year maintenance fee for the '122 Patent was not paid before the six-month grace period expired on April 23, 2004. The '122 Patent expired on April 23, 2004.

2.      It was "a deliberate decision of the committee not to pay the maintenance fee for the '122 Patent." The NRL's Invention Evaluation Board decided not to pay the 7½ year maintenance fee on the '122 Patent.

3.      Jane Kuhl received a telephone call from Hazim Ansari inquiring about the '122 Patent on May 10, 2004. Hazim Ansari expressed interest in an exclusive license to the '122 Patent on behalf of a client. Jane Kuhl testified that Hazim Ansari did not offer any additional information during the call of May 10, 2004, such as prior attempts to contact NRL. Jane Kuhl's notebook excerpts show absolutely no additional information in Hazim Ansari's call of May 10, 2004.

4.      In response to the licensing inquiry relayed by Jane Kuhl, John Karasek investigated the status of the '122 Patent and confirmed it had expired for failure to pay the maintenance fee.

5.      On May 10, 2004, John Karasek filed a petition to accept an unintentionally delayed payment of a maintenance fee, which included an affirmative statement that "the delay in payment of the maintenance fee was unintentional." The Petition did not include any factual basis for the affirmative statement.

1      6.      The PTO granted the Petition and revived the '122 Patent.

2      7.      John Karasek told Jane Kuhl, "there's a chance we can get it back if there

3 was evidence that there was commercial interest in the patent that had been--that was

4 unknown." Jane Kuhl's notebooks show that she spoke to John Karasek on May 11,

5 2004, when she noted, "we didn't pay the fee. May get an answer soon. Knows what

6 kinds of facts they need." Jane Kuhl recalled that John Karasek told her, "something like

7 if we can show that there had been commercial interest but we were unaware of it

8 because of Mr. Reagon's illness--for instance, if Mr. Ansari had left a voice message or

9 attempted to leave a voice message or send an E-mail to Mr. Reagon who was not

10 responding--that there is a chance that we can say it was, you know, that there was

11 commercial interest, but it just didn't get to our attention because it was a problem in the

12 office." Mr. Reagon, the head of NRL's Technology Transfer Office during 2003 and

13 part of 2004 was out of the office for extended periods due to illness.

14      8.      Jane Kuhl's records show that the first time Hazim Ansari was told the '122

15 Patent had expired was on May 20, 2004. Hazim Ansari stated, "[w]e believe, however,

16 that there is a slim chance the '122 Patent could be revived if the abandonment is

17 immediately addressed." Hazim Ansari proposed to pay NRL "15% of all revenue

18 generated from enforcing the patent against infringing parties," if NRL would provide

19 "an assignment of the '122 Patent from the Department of the Navy and a declaration

20 from an individual responsible for the '122 Patent that the failure to pay the maintenance

21 fee was unintentional."

22      9.      Jane Kuhl had a discussion with Hazim Ansari "telling him that it was

23 important that we know he had expressed interest in the patent. And that could he recall

24 dates and times and who he tried to -- when he tried to contact us and who he tried to

25 contact prior to contacting me on May 10th."

26

27

28

[PROPOSED]ORDER

CASE NO. SACV 11-00982-JVS

10.     On June 2, 2004, Hazim Ansari stated that:  (1) he tried to call NRL's Office of Technology Transfer on April 5, 2004; (2) he sent an e-mail to the address: techtransfer@nrl.navy.mil on April 12, 2004, which was bounced back; and (3) he sent a second e-mail to the same address on April 14, 2004, which was "bounced back again."

11.     On May 10, 2004, when John Karasek filed the petition, he had no knowledge or information concerning an prior attempts of Hazim Ansari to contact NRL.

12.     As of May 12, 2004, Jane Kuhl still had not told John Karasek that Hazim Ansari had attempted to contact NRL prior to April 23, 2004.

13.     John Karasek created a draft memorandum in July 2004, which "documents the basis for NRL's finding that NRL's late payment of the second maintenance fee for the subject patent was unintentional."  The memo states: "It is the routine practice at NRL to maintain in force any patent for which there has been a recent expression of interest. In this instance, NRL would have paid the second maintenance fee for this patent, but for our ignorance of Hazim Ansari's efforts to contact NRL.  I find this ignorance was a mistake of fact."  The memo identifies Mr. Legg and Mr. Mills, two attorneys who researched the law regarding unintentional delays, and notes, "[b]ased on their research, I find that this mistake of fact is a sufficient basis for finding that NRL's failure to pay the second maintenance fee for this patent on time was unintentional."

CONCLUSIONS OF LAW:

1.     The NRL did not make a "mistake of fact."  "The discovery of additional information after making a deliberate decision to withhold a timely action is not the "mistake in fact" that might form the basis for acceptance of a maintenance fee . . ." *In re Patent of Carlson*, 2003 WL 25523657 at *6 (Comm'r Pat. Jan. 24, 2003).

2.     John Karasek's affirmative statement, "the delay in payment of the maintenance fee to this patent was unintentional," was false as a matter of law, even if his version of the facts is accepted as true.

[PROPOSED]ORDER

CASE NO. SACV 11-00982-JVS

3.     But-for the false statement, the Petition would not have been granted and the '122 Patent would not have been revived.  When the patentee has engaged in affirmative acts of egregious misconduct, such as the filing of an unmistakably false affidavit, the misconduct is material.  *Id.*, *citing with approval Rohm & Haas Co. v. Crystal Chem. Co.*, 722 F.2d 1556, 1571 (Fed. Cir. 1983) ("there is no room to argue that submission of false affidavits is not material").  Evidence of a decision not to pay a maintenance fee is material because "a reasonable USPTO patent examiner" would not revive a patent if the failure to pay the maintenance fee was intentional.  *Dura Operating Corp. v. Magna Int'l*, 2011 WL 869372 at *11 (E.D. Mich. March 10, 2011).

5.     John Karasek deceived the PTO by:  (1)  ignoring M.P.E.P practice guidelines, PTO decisions, and case law to hold that a deliberate decision not to pay a maintenance fee, made without consideration of unknown pre-expiration information, is a "mistake of fact" that renders the delay in payment "unintentional;" (2) failing to possess evidentiary support of Hazim Ansari's prior attempts to contact NRL and/or failing to identify evidence of Hazim Ansari's prior attempts to contact NRL as likely to be obtained after a reasonable opportunity for further investigation as required under 37 CFR § 10.18; and (3) withholding NRL's decision to abandon and Hazim Ansari's intent to litigate from the PTO, with full knowledge that his petition would be denied if this information were disclosed.

6.     John Karasek's inequitable conduct renders U.S. Patent No. 5,511,122 unenforceable.

U.S. Patent No. 5,511,122 is hereby declared unenforceable.

IT IS SO ORDERED.


Dated _____, 2012


By_____

Honorable James V. Selna

[PROPOSED]ORDER

1

## CERTIFICATE OF SERVICE

2          The undersigned hereby certifies that on April 16, 2012, a true and correct copy of

3    [Proposed] Order re State Farm Mutual Automobile Insurance Company's Motion for

4    Summary Judgment was served on counsel via the Court's CM/ECF system, as follows.

5

6          Nathaniel L. Dilger (Bar No. 196203)
           email: ndilger@onellp.com
7          Peter R. Afrasiabi (Bar No. 193336)
           email: pafrasiabi@onellp.com
8          **ONE LLP**
           4000 MacArthur Boulevard
9          West Tower, Suite 1100
           Newport Beach, California 92660
10         Telephone:   (949) 502-2870
           Facsimile:    (949) 258-5081
11
           Attorneys for Plaintiff,
12         NETWORK SIGNATURES, INC.

13
            */ s / William Beard*
14         R. William Beard, Jr.

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                  1